IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | |
| HIRE DYNAMICS, LLC, | : : | JURY TRIAL DEMANDED |
| Defendant. | : : : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Christopher Wood ("Wood"), who was adversely affected by such practices. The Plaintiff alleges that while employed with Defendant Hire Dynamics, LLC ("Defendant"), a staffing company, as a Quality Auditor assigned to work for one of its clients, Wood was suspended for one week and, as a result, he complained of discrimination and informed his supervisor at Defendant that he was going to the EEOC to complain of discrimination. Wood did actually file a charge of discrimination. Defendant never allowed Wood to return to work after his suspension and denied him all future assignments even though Wood consistently

1

called in for additional assignments. Therefore, Defendant retaliated against Wood for engaging in protected activity, i.e., filing a charge of discrimination with the EEOC, in violation of Title VII, as alleged with greater particularity below.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly

authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant has continuously been a Georgia Limited Liability Company doing business in the State of Georgia and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), and has procured employees for an employer and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## STATEMENT OF CLAIMS

6.

More than thirty days prior to the institution of this lawsuit, Wood filed a charge of discrimination with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

Since at least March 2011, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by not allowing Wood to return to work and refusing him further employment opportunities.

8.

Wood began working for Defendant in or around August 2009 as a Quality Auditor assigned to work for one of Defendant's clients, APL Logistics, Inc. ("APL"). Wood was always assigned to work for APL during his tenure with Defendant.

9.

While employed by Defendant at APL, Wood's supervisor was Jeff Eckard ("Eckard"), Defendant's On-Site Manager assigned to APL. The APL employee who supervised Wood was Jeff Acker ("Acker"), Warehouse Supervisor.

10.

In early March 2011, APL changed its first shift start time to 8:00 a.m. for the upcoming Sunday workday, which was several hours earlier than the normal start time.

11.

On Friday, March 4, 2011, Wood told Acker that he could not come to work at the new time on Sunday, March 6, 2011.

12.

Also on March 4, 2011, Wood texted Eckard and informed him that he would not "be reporting in due to the start time" on March 6, 2011. Eckard responded, "You cant *(sic)* come at all? Why?". Wood said, "The time. I signed up for [second] shift. I told steve *(sic)* and jeff *(sic)* that the time was not right."

13.

As he had previously advised his supervisors, Wood did not show up to work on March 6, 2011. Wood came to work the next day, March 7, 2011, and worked his regular shift.

14.

On March 8, 2011, Eckard told Wood that he was being suspended for one week for missing work on Sunday, March 6, 2011. Wood responded that it was not fair, and that he was going to the EEOC. Eckard asked Wood what the EEOC was, and Wood responded, "The Equal Employment Opportunity Commission."

15.

After his suspension was up, Wood contacted Eckard via text on March 14, 2011, inquiring about returning to work, "So am i *(sic)* not on the schedule

anymore[?]", but he was brushed aside by Eckard who said, "I am in a meeting. I will call you in a little while." Later that day, Wood texted Eckard again saying, "So dnt *(sic)* show up[?]…Cause *(sic)* u *(sic)* not call yet". Eckard's only response was, "Not today."

16.

Two days later, Eckard texted Wood saying he was sorry he never got back to him, that two of the APL supervisors were out all week, and that he would speak with them and call Wood afterwards. Eckard, however, never called Wood.

17.

Wood filed a Charge of Discrimination with the EEOC on April 4, 2011 (the "Charge").

18.

Because he had still not received a call from Eckard, Wood sent him a text message on April 5, 2011, "So accrdn *(sic)* to Adela im *(sic)* not terminated. But u *(sic)* said u thought i *(sic)* quited *(sic)* from telln *(sic)* u *(sic)* i *(sic)* was calln *(sic)* the EEOC for u *(sic)* suspendn *(sic)* me." Eckard never responded to this text message and Wood was never allowed to return to work.

19.

Wood called into Defendant's office every week after his suspension ended to ask for a new assignment, but he never received one. Wood also consistently

called another of Defendant's offices to ask for general labor jobs, but he was never given any assignments.

20.

Although Wood was supposed to be suspended for only one week as a result of missing work on March 6, 2011, since Wood told Eckard he was going to the EEOC and since Wood filed the Charge, Wood has not been permitted to return to his former job assignment and Defendant and has not given him any additional assignments.

21.

Since at least March 2011, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by refusing to allow Wood to return to work and by refusing to give Wood additional work assignments in retaliation for filing the Charge with the EEOC.

22.

The effect of the practices complained of in paragraphs 6-21 above have been to deprive Wood of equal employment opportunities and, otherwise, to adversely affect his status as an employee because he engaged in protected activity.

23.

The unlawful employment practices complained of in paragraphs 6-21 above were intentional.

24.

The unlawful employment practices complained of in paragraphs 6-21 above were done with malice or with reckless indifference to the federally-protected rights of Wood.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Hire Dynamics, LLC, its members, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against employees for engaging in protected activity.

B.   Grant a permanent injunction enjoining Defendant Hire Dynamics, LLC, its members, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which retaliate against employees who engage in protected activity.

C.   Order Defendant Hire Dynamics, LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

D.   Order Defendant Hire Dynamics, LLC to make whole Christopher Wood by providing him with appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including front pay, as appropriate.

E.   Order Defendant Hire Dynamics, LLC to make whole Christopher Wood by providing him with compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6-21 above, including job search expenses, in amounts to be determined at trial.

F.   Order Defendant Hire Dynamics, LLC to make whole Christopher Wood by providing him with compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 6-21 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order Defendant Hire Dynamics, LLC to pay to Christopher Wood punitive damages for their malicious and reckless conduct described in paragraphs 6-21 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

April 22, 2013
Date

s/Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905